PizÁ & González, Demandante y Apelada, *v.* Ramis, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en juicio sobre extinción y cancelación de hipoteca.

No. 1544.—Resuelto en febrero 24, 1917.

Ejecución de Hipoteca—Cancelación de Hipoteca—Disolución de Embargo—Apelación.—Una orden por la que se deniega el alzamiento de la retención de una suma de dinero en procedimiento ejecutivo sumario sujeta a las resultas de un juicio ordinario seguido sobre extinción y cancelación de la hipoteca, es una providencia por la que se deniega la disolución de un embargo, y por tanto es apelable por estar comprendida en el No. 3 del artículo 295 del Código de Enjuiciamiento Civil que otorga el recurso de apelación contra una providencia de la corte de distrito ''anulando o negándose a anular un embargo,'' según el texto español, o ''disolviendo o negándose a disolver un embargo,'' según el texto inglés.

Id.—Id.—Consignación del Importe del Crédito—Entrega sin Fianza al Ejecutante, Pendiente Juicio Ordinario de Cancelación.—Se ajusta a derecho, o sea al No. 3 del artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria, una orden por la que se deniega al ejecutante de una hipoteca la entrega sin fianza de una suma de dinero retenida en el procedimiento ejecutivo sumario para responder a las resultas de un juicio ordinario seguido por el ejecutado contra el ejecutante para la extinción y cancelación del crédito hipotecario, pues con tal entrega vendría a percibir el ejecutante el importe de la hipoteca cuya extinción se solicita y carecería de finalidad

práctica la sentencia que el ejecutado pudiera obtener a su favor. No hay ,términos hábiles para que se aplique al presente caso el artículo 1148 del Código Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Fernando Vázquez.*

Abogado de la apelada: *Sr. Francisco González.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Con motivo de procedimiento ejecutivo sumario seguido por Francisco Ramis contra Pizá y González ante la Corte de Distrito de Humacao en cobro de un crédito hipotecario de que aquél era cesionario, la referida sociedad presentó demanda ante la misma corte contra Francisco Ramis en 4 de marzo de 1916, con súplica de que se declarara extinguida la hipoteca cedida a Ramis y se le condenara a otorgar escritura de cancelación de la misma.

En la propia fecha, 4 de marzo, la mercantil Pizá y González, invocando el artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria, solicitó de la corte dictara una orden reteniendo toda la cantidad que en virtud del procedimiento sobre ejecución y subasta de la finca hipotecada deba entregarse a Ramis, cuya cantidad quedaría sujeta a las resultas del pleito. La corte accedió a tal pretensión por orden del 6 de marzo, sin exigir fianza a Pizá y González por estimarlos con bastante solvencia, y entonces solicitó Ramis que de acuerdo con lo que preceptúa el párrafo 7º. del número 3º. del artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria, se le fijara una fianza para obtener el alzamiento de la retención acordada, y la corte accedió a ello señalando al efecto una fianza de $700.

Posteriormente, en 10 de marzo, sin que prestara Ramis la fianza exigida pidió que se le entregara la suma de $700 retenida en virtud de la orden de la corte, y discutida dicha moción fué declarada sin lugar por orden de 23 de junio de 1916, notificada a la contraparte en 6 de julio siguiente.

Esa orden ha sido apelada por Ramis.

Se ha levantado por la parte apelada la cuestión legal de si la orden de 23 de junio de 1916 es apelable o no. Entendemos que lo es por estar comprendida en el número 3º. del artículo 295 del Código de Enjuiciamiento Civil que otorga recurso de apelación contra una providencia de la corte, de distrito "anulando o negándose a anular un embargo," según el texto español, "disolviendo o negándose a disolver un embargo," según el texto inglés.

La orden de que se trata deniega el alzamiento de la retención de una suma de dinero sujeta a las resultas de un juicio seguido por Pizá y González contra Francisco Ramis sobre extinción y cancelación de hipoteca, y tal denegatoria es una orden por la que se deniega la disolución de un embargo.

Entrando a considerar dicha orden en virtud del recurso de apelación contra ella interpuesto, la encontramos ajustada a derecho, o sea, al artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria.

Ese artículo en su número 3º., después de ordenar que en el procedimiento sumario hipotecario todas las reclamaciones que versaren sobre la nulidad del título o de las actuaciones o sobre cumplimiento, certeza, extinción o cuantía de la deuda deben ventilarse en el juicio ordinario correspondiente, establece los siguientes preceptos:

"Al tiempo de interponer la demanda * * *, o durante el curso del pleito podrá solicitarse que se asegure la efectividad de la sentencia, con retención del todo o una parte de la cantidad que por el procedimiento ejecutivo deba entregarse al ejecutante * * * Si el ejecutante afianza a satisfacción del juez, la cantidad que estuviese mandada retener a las resultas del juicio declarativo, se alzará la retención. Si el que solicitare esta medida no tuviere solvencia notoria y suficiente, el juez deberá exigirle previa y bastante garantía para responder de los intereses de demora y del resarcimiento de cualesquiera otros daños y perjuicios que puedan ocasionarse al acreedor."

El juicio ordinario promovido por Pizá y González contra Francisco Ramis, tiene por objeto la extinción y cancelación del crédito hipotecario, cuyo cobro se persigue en el procedi-

miento ejecutivo sumario seguido por Ramis contra Pizá y González. La entrega a Ramis del dinero que consignó Pizá y González para evitar el remate de la finca hipotecada sería una burla de los derechos de Pizá y González, pues así vendría a percibir Ramis el importe de una hipoteca cuya extinción se solicita, y aunque Pizá y González obtuvieran una sentencia favorable carecería ésta de finalidad práctica. El mismo Ramis debió entenderlo así al solicitar que se le señalara fianza para obtener la entrega del dinero que consignó Pizá y González para evitar el remate de la finca, cuya fianza no llegó a prestar.

No cabe discutir en el presente recurso si el márshal debió proceder al remate de la finca sin admitir la consignación hecha por Pizá y González, del montante del crédito que Ramis cobraba. Es un hecho que la consignación se hizo por Pizá y González, y la cantidad consignada quedó sujeta por orden de la corte a las resultas del juicio sobre extinción y cancelación del crédito hipotecario. Esa cantidad recibirá el destino final correspondiente cuando se dicte sentencia en dicho juicio; actualmente no puede ser entregada a Ramis.

No hay términos hábiles para que se aplique al presente caso el artículo 1148 del Código Civil.

Por las razones expuestas es de confirmarse la orden apelada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.